IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES JENKINS,

    Petitioner,

v.

BRANDON KELLY,

    Respondent.

Case No. 6:17-cv-01300-MO

OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Aggravated Murder and Robbery in the First Degree. Petitioner concedes that he filed his Petition well outside the applicable one-year statute of limitations,[1] but argues that extraordinary circumstances warrant equitable tolling.

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus

---

[1] 28 U.S.C. § 2244 allows litigants one year from the time in which their convictions become final in which to file for federal habeas corpus relief. Here, the parties agree that Petitioner filed his Petition for Writ of Habeas Corpus 1,654 days after his convictions became final.

1 - OPINION AND ORDER

cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In this case, Petitioner asserts that he was unable to timely file this case because: (1) he has an IQ of 68, putting him in the mildly mentally retarded category which make it difficult for him to understand how to file a federal habeas corpus case; and (2) he weighs nearly 400 pounds and, thus, suffers from limited mobility. While physical and mental limitations can justify equitable tolling, they must be so severe that they render it impossible for a petitioner to timely file the case. *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). Petitioner makes no such showing here. Indeed, despite the limitations Petitioner mentions, he was not only able to file two state post-conviction cases *pro se*, but he was also able to file this habeas corpus action *pro se* only 20 days after the conclusion of his second post-conviction action.

Petitioner also argues that he received incomplete advice from an attorney as well as an inmate legal assistant. Specifically, he declares that his post-conviction attorney failed to advise him that the habeas corpus statute of

2 - OPINION AND ORDER

limitations would begin to run upon the dismissal of his first state post-conviction action,[2] and that an inmate legal assistant advised him to file a second post-conviction action which was ultimately deemed not to be a proper filing and, therefore, did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Neither of these arguments compel equitable tolling where even attorney negligence does not justify equitable tolling.[3] Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

Petitioner contends that while each of the barriers described above may not individually support equitable tolling, they do so collectively. Petitioner's argument is unpersuasive given the totality of the record. Equitable tolling is therefore not appropriate, and the Petition for Writ of Habeas Corpus is untimely.

///
///
///
///
///
///
///
///

---

[2] At the time Petitioner filed his first post-conviction action, only 115 untolled days had elapsed from the federal limitation period. Because that post-conviction filing was proper, it tolled the one-year habeas statute of limitations during the pendency of the action and the subsequent appeal. See 28 U.S.C. § 2244(d)(2).

[3] Moreover, any lack of legal sophistication on Petitioner's part also does not support a request for equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6th day of May, 2019.

Michael W. Mosman
United States District Judge

4 - OPINION AND ORDER